**Opinion filed April 12, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00207-CR

_____

## EX PARTE RAMON QUIROGA

**On Appeal from the 244th District Court**
**Ector County, Texas**
**Trial Court Cause No. C-40,472**

## M E M O R A N D U M   O P I N I O N

Ramon Quiroga stands charged by indictment with the offense of continuous sexual abuse of a young child. A previous jury trial in this cause resulted in a mistrial. Subsequent to the mistrial, Quiroga filed a pretrial application for writ of habeas corpus in which he sought to have the indictment dismissed on double jeopardy grounds. The trial court held a hearing and denied the relief requested by Quiroga. We affirm.

In a single issue on appeal, Quiroga contends that the trial court erred when it denied relief because the prosecutor had goaded Quiroga into requesting a mistrial

during the initial trial of this cause. If the granting of a mistrial at the defendant's request is based upon the conduct of the prosecutor, the Fifth Amendment guarantee against double jeopardy bars retrial only when it has been shown that the prosecutor engaged in conduct that was "intended to provoke the defendant into moving for a mistrial." *Ex parte Lewis*, 219 S.W.3d 335, 336–37 (Tex. Crim. App. 2007) (quoting *Oregon v. Kennedy*, 456 U.S. 667, 679 (1982)) (adopting the *Oregon v. Kennedy* standard as the proper rule in Texas). Here, the trial court found that the prosecutor "did not intend to cause a mistrial" and that the prosecutor's comments and conduct "were not intended to 'goad' the Defendant into moving for a mistrial."

In reviewing the trial court's decision in a habeas corpus appeal, we review the facts in the light most favorable to the trial court's ruling and uphold that ruling absent an abuse of discretion. *See Ex parte Martin*, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999) (citing *Guzman v. State*, 955 S.W.2d 85 (Tex. Crim. App. 1997)). We must afford almost total deference to a trial court's determination of historical facts and also to mixed questions of law and fact when the resolution of those questions turn on an evaluation of credibility and demeanor. *Guzman*, 955 S.W.2d at 89. We review de novo any mixed questions of law and fact that do not depend upon credibility and demeanor. *Martin*, 6 S.W.3d at 526; *Guzman*, 955 S.W.2d at 89.

During the trial that ended in a mistrial, defense counsel showed a handwritten letter to the victim and to the victim's grandmother. The letter was allegedly written by the victim to Quiroga but was not admitted into evidence at trial because the victim denied that she had written it and the grandmother denied that the handwriting was the victim's. Although the letter was not admitted into evidence because it could not be authenticated by the witnesses at trial, defense counsel addressed it in his closing argument. In response to defense counsel's argument, the prosecutor argued: "Members of the jury, the trial didn't go the way he thought, that evidence didn't

come in that he thought was going to impeach the charge of that 11-year-old girl on a forged document made - - ." At that point, defense counsel objected; shortly thereafter, he moved for a mistrial. Defense counsel complained that the prosecutor had not only accused him of lying at the start of the prosecutor's closing argument but had also implied that defense counsel "had something to do with forging a document." The trial court granted the defendant's request for a mistrial based on the State's "highly inflammatory and prejudicial" argument.

The attorney that represented Quiroga during the trial testified at the hearing on Quiroga's request for habeas corpus relief. He testified that he did not believe that the prosecutor was trying to get the defense to move for a mistrial by referring to the letter as a forgery. The prosecutor testified that he had not intended to cause a mistrial. After the habeas hearing, the trial court found that the prosecutor's misconduct was not intended to provoke the defendant into moving for a mistrial. We note that the same trial judge that granted the mistrial also issued the findings of fact and conclusions of law with respect to Quiroga's request for habeas corpus relief. The trial court's findings are supported by the record. Accordingly, Quiroga is not entitled to habeas corpus relief on double jeopardy grounds. *See Kennedy*, 456 U.S. at 679. Quiroga's sole issue on appeal is overruled.

We affirm the order of the trial court.


JIM R. WRIGHT

April 12, 2018                                        SENIOR CHIEF JUSTICE

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[1]

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.